## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

_____

**SECURITIES AND EXCHANGE COMMISSION**,

                               Plaintiff,

v.

**STEWART A. MERKIN**,

                               Defendant.

_____

)
)
)
)
)
)
)
)
)
)
)

## COMPLAINT OF THE
## SECURITIES AND EXCHANGE COMMISSION

The Securities and Exchange Commission ("Commission") alleges as follows for its complaint against defendant Stewart A. Merkin ("Merkin"):

### SUMMARY

1.      This action arises out of materially false public statements made by an attorney in connection with the purchase and sale of penny stock.  In 2008 and 2010 defendant Merkin stated in four letters, which he knew would be posted on the internet, that his client, StratoComm Corporation ("StratoComm"), was not under investigation regarding possible violations of securities laws.  Merkin's statements were false because at that time the Commission was conducting an active investigation regarding StratoComm in connection with securities fraud.  In fact, Merkin was representing StratoComm in connection with the Commission's investigation.  Nevertheless, in order that StratoComm's shares would continue to be quoted on a website serving the over-the-counter securities market, Merkin falsely stated that to his knowledge StratoComm was not under investigation.

1

2.      By making these false public statements, Merkin violated Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.  Unless enjoined, Merkin is likely to continue to violate these provisions of federal securities law.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over this action pursuant to Sections 21 and 27 of the Exchange Act, 15 U.S.C. §§ 78u and 78aa.

4.      Venue is proper in the Southern District of Florida pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, because Merkin resides in this district and maintains his office in this district.  Many of the acts and transactions constituting Merkin's violations occurred in this district.

5.      Merkin directly or indirectly made use of the means or instrumentalities of interstate commerce or the mails in connection with the conduct alleged in this Complaint.

## DEFENDANT

6.      Merkin is an attorney licensed to practice law in the State of Florida.  He has been a member of the Florida Bar since 1974.  He is employed at The Law Office of Stewart A. Merkin in Miami, Florida, and lives in Miami.

## RELATED ENTITY

7.      StratoComm is a Delaware corporation with its principal place of business in Albany, New York.  StratoComm was incorporated in 1997 and was formerly known as US/Africa Ventures, Inc.   StratoComm purports to be in the business of designing, manufacturing and selling telecommunications equipment.

8.      StratoComm has issued securities, including common stock, but it has never

registered an offering under the Securities Act or a class of securities under the Exchange Act,

and has never issued audited financial statements.

9.      From 2007 until January 2011, prices for StratoComm's common stock were

quoted on the electronic interdealer quotation system operated by Pink Sheets LLC and its

successor Pink OTC Markets, Inc. (hereinafter jointly "Pink Sheets").

## MERKIN'S FALSE STATEMENTS

### A.      Merkin Represents StratoComm In An On-Going Investigation

10.      Merkin has served as outside legal counsel for StratoComm at various times from

at least October 2007.

11.      On January 24, 2008, the Commission issued a formal order of investigation

pursuant to 17 C.F.R. § 202.5(a) relating to StratoComm.  That order was captioned "In the

Matter of StratoComm Corp. (HO-10727)."

12.      Beginning by at least March 2008, Merkin served as StratoComm's attorney in

connection with the Commission's investigation concerning StratoComm.  Merkin

communicated with Commission staff, requested and received a copy of the order initiating the

investigation, accepted service of at least eight Commission subpoenas, forwarded documents to

the Commission, and represented StratoComm and several StratoComm employees during six

days of investigative testimony.

### B.      Merkin Tells Investors That He Knows Of No Investigation

13.      A company whose stock prices are quoted on the Pink Sheets website is required

by Pink Sheets to periodically post letters from an attorney for the company providing investors

and potential investors certain information regarding the company, its officers, directors, and its

3

financial statements ("Attorney Letters").  Between 2007 and the end of 2010, Merkin prepared

and signed at least thirteen such Attorney Letters for submission to Pink Sheets on behalf of

StratoComm.

14.    On November 1, 2007, before submitting the first such Attorney Letter, Merkin

signed an agreement with Pink Sheets providing that his Attorney Letters would be made

available on the Pink Sheets website for review by the investing public:

> The letter will be posted by the Issuer, and will be published,
> accompanying the Issuer's disclosure, in the Pink Sheets News
> Service….

> Pink Sheets recognizes the crucial role of attorneys in the
> disclosure process.  Attorneys prepare, or assist in the preparation
> of, disclosure materials that are posted in the Pink Sheets News
> Service by, or on behalf of, issuers.  These materials are relied
> upon by public investors in making their investment decisions….

Prior to February 2010, such Attorney Letters were posted at www.pinksheets.com.  In February

2010 the Pink Sheets website was renamed www.otcmarkets.com.

15.     Pink Sheets required that each Attorney Letter state whether the submitting

attorney had knowledge of any investigation by any state or federal regulatory authority into

possible securities violations by either the company at issue or any owner of more than 5% of

that company's stock.

16.    **Letter of April 8, 2008**:  In a letter of April 8, 2008, which was posted on the

Pink Sheets website on that date, Merkin stated that to his knowledge StratoComm was not under

investigation for securities law violations:

> To the best knowledge of the undersigned counsel, after inquiry of
> management and members of the Board of Directors of the Issuer,
> neither the Issuer nor any holder of more than 5% of the
> outstanding shares of the Issuer is currently under investigation by
> any federal or state regulatory authority for any violation of federal
> or states securities laws.

4

That statement was false because at the time he signed this letter, Merkin knew of the Commission's on-going investigation regarding StratoComm.  In fact, shortly before signing this letter, Merkin received a copy of the Commission's January 2008 order regarding the StratoComm investigation and accepted service of a subpoena to StratoComm in connection with that investigation.

17. **Letter of June 17, 2010**:  By letter of June 17, 2010, which was posted on the Pink Sheets website on that date, Merkin again stated that to his knowledge StratoComm was not under investigation for securities law violations, using the same language as in his April 8, 2008 letter:

> To the best knowledge of the undersigned counsel, after inquiry of management and members of the Board of Directors of the Issuer, neither the Issuer nor any holder of more than 5% of the outstanding shares of the Issuer is currently under investigation by any federal or state regulatory authority for any violation of federal or states securities laws.

18. Here too Merkin's statement was false because he had actual knowledge of the Commission's on-going investigation of StratoComm.  Approximately a month earlier, Merkin had accepted service of another subpoena issued to StratoComm by the Commission in connection with that investigation.

19. **Letter of September 15, 2010**:  Merkin submitted another Attorney Letter on behalf of StratoComm on September 15, 2010.  In this letter, which was posted on the Pink Sheets website on that date, Merkin repeated his statement that to his knowledge StratoComm was not under investigation for securities law violations:

> To the best knowledge of the undersigned counsel, after inquiry of management and members of the Board of Directors of the Issuer, neither the Issuer nor any holder of more than 5% of the outstanding shares of the Issuer is currently under investigation by

any federal or state regulatory authority for any violation of federal
or states securities laws.

20.     Again Merkin's statement was untrue.  Merkin was well aware of the

Commission's on-going investigation of StratoComm and less than a month earlier he had

accepted service of a Commission subpoena on behalf of StratoComm's chief executive officer

Roger Shearer.

21.     **Letter of December 17, 2010**:  Finally, Merkin submitted another Attorney

Letter on behalf of StratoComm on December 17, 2010.  In that letter, which was posted on the

Pink Sheets website on December 20, 2010, Merkin repeated that to his knowledge StratoComm

was not under investigation for securities law violations:

> To the best knowledge of the undersigned counsel, after inquiry of
> management and members of the Board of Directors of the Issuer,
> neither the Issuer nor any holder of more than 5% of the
> outstanding shares of the Issuer is currently under investigation by
> any federal or state regulatory authority for any violation of federal
> or states securities laws.

22.     Merkin's statement was false because he was fully aware of the Commission's on-

going investigation of StratoComm.  Merkin sent this letter after attending five days of

investigative testimony before the Commission's staff in September and October 2010, and

accepting service of several additional subpoenas relating to this investigation on October 27,

2010.

23.     At the time he made the statements quoted above from his Attorney Letters of

April 8, 2008, and June 17, September 15, and December 17, 2010, Merkin knew that those

statements were false.

24.     Merkin also knew that these Attorney Letters would be posted on the Pink Sheets

website for review by the investing public.  In each letter Merkin stated that Pink Sheets "has full

and complete permission and right to publish this letter in the Pink Sheets News Service for viewing by the public and regulators."

25.     Merkin's false statements were made in connection with the purchase or sale of securities because Merkin wrote these Attorney Letters in order that StratoComm stock prices could be quoted by Pink Sheets and used in over-the-counter trading.

26.     StratoComm was a thinly-capitalized, penny stock company without audited financial statements, whose securities were being traded in unregistered transactions.  Under these circumstances, Merkin's false statements were material because a reasonable investor would have considered it important to know that StratoComm was under investigation for possible violations of the federal securities laws.

## FIRST CLAIM FOR RELIEF

(Violation of Section 10(b) of the Exchange Act and Rule 10b-5)

27.     Paragraphs 1 through 26 are realleged and incorporated by reference herein.

28.     By the conduct alleged in Paragraphs 1, 2, and 10 through 26 above, defendant Merkin, by use of the means or instrumentalities of interstate commerce or by the mails, in connection with the purchase or sale of securities, knowingly or recklessly: (a) employed devices, schemes and artifices to defraud; (b) made untrue statements of material fact, or omitted material facts necessary to make his statements not misleading; and/or (c) engaged in acts, practices or courses of business which operated as a fraud or deceit.

29.     By reason of the activities described herein, Merkin violated, and unless enjoined will again violate, Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

## **RELIEF REQUESTED**

WHEREFORE, the Commission respectfully requests that the Court:

A.      Permanently enjoin Merkin from violating Section 10(b) of the Exchange Act and Rule 10b-5 thereunder;

B.      Order Merkin to disgorge all ill-gotten gains obtained as a result of the violations alleged in this Complaint, plus prejudgment interest;

C.      Order Merkin to pay civil money penalties pursuant to Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3);

D.      Bar Merkin pursuant to Section 21(d)(6) of the Exchange Act, 15 U.S.C. § 78u(d)(6), from participating in any offering of penny stock; and

E.      Grant such further relief as the Court may deem just and appropriate.


Dated: October 3, 2011          By:     s/ H. Michael Semler
                                        H. Michael Semler
                                        S.D. Fla. Special Bar No. A5500568
                                        District of Columbia Bar No. 477398
                                        Division of Enforcement
                                        Securities and Exchange Commission
                                        100 F Street, N.E.
                                        Washington, D.C.  20549
                                        Tel:  (202) 551-4429
                                        Fax: (202) 772-9292
                                        Email: semlerm@sec.gov

                                        Jennifer Leete
                                        District of Columbia Bar No. 446067
                                        Division of Enforcement
                                          Securities and Exchange Commission
                                        100 F Street, N.E.
                                        Washington, D.C. 20549
                                        Tel:  (202) 551-4971
                                        Fax: (202) 772-9230
                                        Email: leetej@sec.gov

                                        Sarah L. Allgeier
                                        District of Columbia Bar No. 990308

Division of Enforcement
Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C.  20549
Tel:  (202) 551-4757
Fax: (202) 772-9230
Email: allgeiers@sec.gov

Attorneys for Securities and Exchange
  Commission