UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 11-23585-CIV-GRAHAM/GOODMAN

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

STEWART A. MERKIN,

    Defendant.
_____/

## POST-HEARING ORDER ON DEFENDANT'S MEDICAL RECORDS

This cause is before me following a discovery hearing on June 22, 2012. The Court considered several discovery issues at the hearing. This Order concerns one of them: Plaintiff SEC's request for Defendant's medical records.

Because Defendant Merkin has injected his health and medical condition into this case, the SEC propounded a request for documents which included (in request 16) the following request:

> If Merkin intends to argue that his health should be taken into consideration with regard to any aspect of either liability or relief in this matter, produce the following: (i) documents **sufficient to identify** Merkin's recent and current physical condition, including his diagnoses, treatment regimen, and treating physicians, and (ii) all documents relating to Merkin's health that he intends to **use or refer to any time in the course of this litigation**.

(emphasis added).

The SEC's request is somewhat atypical, as most litigants confronted with medical issues simply ask for "all" documents reflecting the opposing party's medical

condition and treatment. Here, however, the SEC's request seeks something less, and it provides defense counsel with the opportunity to select less than the universe of available medical documents (because he needs to select only those "sufficient to identify" certain issues regarding Merkin's medical condition). Given the SEC's wording, there is the potential for legitimate debate over the documents produced – i.e., whether the production is "sufficient" to "identify" a medical issue. For example, Merkin may have 150 pages of medical records but might produce only seven pages responsive to category one because he will contend that these seven pages are "sufficient" to "identify" his condition, diagnoses and regimen and because they identify his physicians. Arguably, Merkin may need to produce only one document to "identify" a specific medical condition even though he has many more documents discussing the condition.

During the hearing, Merkin's counsel represented that he would produce all documents that he will introduce at trial concerning his client's medical condition. This position responds to category two of request 16 but might not be adequate to respond to category one.

In order to avoid further discovery disputes and in order to cause Merkin to comply with the SEC's specific request, the Court **ORDERS** as follows:

1. Merkin shall produce to the SEC all documents relating to his health that he intends to use at trial within **ten days** of the entry of this Order.

2. Merkin shall produce the documents he deems "sufficient" to "identify" his condition, diagnoses and regimen as well as those documents that, in fact, are sufficient to identify all his health care providers within the same deadline. Because the wording of the SEC's request necessarily means that Merkin

and/or his counsel will need to exercise judgment about how many (and which) documents are necessary to reach the requisite level of "sufficiency," the SEC may well have difficulty gauging the level of compliance. On the other hand, if Merkin's production is insufficient to "identify" these sub-categories, then Merkin may not be permitted to introduce evidence at trial about his condition, diagnoses and treatment regimen. These potential issues arise from the peculiar wording of the request and the Court will not recast the SEC's document request in order to make it clearer or less problematic.

The Court will be entering additional discovery orders concerning the issues discussed at the June 22, 2012 hearing over the next few days.

**DONE AND ORDERED** in Chambers, at Miami, Florida, June 25, 2012.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**

The Honorable Donald L. Graham
United States District Judge

All counsel of record