UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 11-23585-CIV-GRAHAM/GOODMAN

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

STEWART A. MERKIN,

    Defendant.
_____/

## POST-HEARING ORDER ON MYRIAD DISCOVERY ISSUES

This cause is before me following a discovery hearing on June 22, 2012. The Court considered several discovery issues at the hearing. This Order concerns three of them.

First, Defendant Merkin complains that the SEC has refused to identify the persons it will be designating to testify on its behalf for the upcoming Rule 30(b)(6) deposition.[1] In response to a question from the Court, Merkin's counsel conceded that he has no legal authority to support his position that the SEC

---

[1] The SEC announced its intent to appeal this Court's discovery order, which permitted Merkin to take a 30(b)(6) deposition of the SEC (and noted that the SEC may interpose objections and instruct its designees not to answer questions implicating privileged information), to the District Court. The SEC has not yet filed the appeal, though it has filed a motion to stay the 30(b)(6) deposition, based on its stated intent to do so.

should tell him in advance of the deposition the names of its 30(b)(6) designees. It is well established that: (1) a party producing a 30(b)(6) witness, such as the SEC, has the ability to select appropriate designees of its own choosing; (2) a party requesting designation of such a witness, such as Merkin, has no right to demand that the producing party designate a particular witness as a 30(b)(6) designee; and (3) Rule 30(b)(6) does not impose a pre-deposition disclosure requirement upon the producing party. Therefore, the SEC will **not** be ordered to provide Merkin with the identities of the designees before the 30(b)(6) deposition. To be sure, the SEC can *voluntarily* provide the information and can provide the information on a conditional basis, reserving the right to change designees before the actual deposition. The Court will certainly not prevent this type of courtesy, but it will not *order* it.

Second, Merkin objects to the SEC's requests for documents concerning his communications with Pink Sheets (i.e., SEC's First Request for Production numbers 1 and 3). Merkin objects to producing responsive documents because (1) he says he has a "special relationship" with Pink Sheets – and that this relationship creates some type of privilege which would justify non-disclosure of responsive documents, and (2) some of the documents in Merkin's files concern his representation of *other* clients.

2

The Court rejects both of these arguments. There is no "special relationship" privilege which would justify non-production of responsive documents. Merkin's counsel conceded that Merkin did not have an attorney-client relationship with Pink Sheets and he also acknowledged that he has no case law authority to support his special relationship argument. According to Merkin, he was required to sign an agreement with Pink Sheets, and this agreement imposed certain obligations and duties. The mere fact that Merkin agreed to undertake certain duties with Pink Sheets in order to participate with Pink Sheets does not transform the relationship into an attorney-client relationship, nor does it generate a recognized privilege from discovery.

Likewise, the mere fact that some of the responsive documents relate to Merkin's representation of other clients does not immunize them from discovery. If the documents are privileged, then Merkin may, of course, interpose an appropriate objection. But there is no "the-documents-are-from-another-client's-file" objection to an otherwise valid discovery request. If Merkin's other files (created in his representation of other clients) contain communications with Pink Sheets, then Merkin shall produce these documents, absent a specific claim of privilege supported by a privilege log, within **ten days** of the entry of this Order.

Third, Merkin objects to the SEC's request for production number 13, which calls for documents identifying or relating to his participation in any

3

penny stock offering. Because the SEC is seeking a penny stock bar order in its requested relief, this discovery is relevant. Merkin therefore shall produce these documents, absent a specific claim of privilege supported by a privilege log, within **ten days** of the entry of this Order.

The Court will be entering additional discovery orders concerning the remaining issues discussed at the June 22, 2012 hearing over the next few days. Specifically, the Court will soon enter an order addressing (a) Merkin's request for a redacted version of the SEC action letter, sometimes known as the SEC "rec. memo," after reviewing the document, which the SEC will be filing under seal, and (b) the SEC's motion to stay the 30(b)(6) deposition.

**DONE AND ORDERED** in Chambers, at Miami, Florida, June 25, 2012.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**

The Honorable Donald L. Graham
United States District Judge

All counsel of record