UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 11-23585-CIV-GRAHAM/GOODMAN

SECURITIES AND
EXCHANGE COMMISSION,

    Plaintiff,

v.

STEWART A. MERKIN,

    Defendant.
_____/

## ORDER DENYING SEC'S MOTION TO STAY

This cause is before the Court on the SEC's Motion to Stay Rule 30(b)(6) Deposition Pending District Court Review of Magistrate Judge's June 12, 2012 Discovery Order (the "Motion"). [ECF No. 33]. The Motion, filed on June 21, 2012, seeks a stay pending a ruling on the SEC's June 26, 2012 appeal of this Court's June 12, 2012 discovery order (the "Order"). The Court **DENIES** the Motion for the reasons outlined below.

### I.    The Motion Violates Local Rule 7.1(a)(3)

Local Rule 7.1(a)(3) requires a movant to have a pre-filing conference with opposing counsel in a good faith effort to resolve the issue and eliminate the need for the motion. The Local Rule also requires the movant to include a written certification,

confirming that the required conference occurred or the moving party was unable to have the conference (and outlining the efforts made).

In filing the Motion, the SEC did not comply with either of these two requirements. First, the SEC failed to confer with Merkin's counsel. Second, the SEC did not include a certification that it had conferred, or attempted to confer, with Merkin's counsel. Merkin's counsel noted the double violation in his written response (a letter which served as a mini-brief), but the SEC did not provide an explanation for its two lapses at the June 22, 2012 hearing during which the Motion (and Merkin's opposition) were discussed.

The Local Rule provides that "**[f]ailure to comply** with the requirements of this Local Rule may be **cause** for the Court to grant or **deny the motion** and impose on counsel an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee." (emphasis added).

## II.   The SEC Would Not Be Substantively Prejudiced

Permitting the 30(b)(6) deposition to go forward if the District Court does not rule on the SEC's appeal of the Order before the scheduled deposition occurs would not substantively prejudice the SEC. The Order [ECF No. 31, p. 21] specifically and unequivocally provides that the SEC "may interpose objections and give privilege-based and Court order-based instructions not to answer specific questions at 30(b)(6)

depositions taken in this case." Thus, to the extent that the SEC claims that a 30(b)(6) deposition risks disclosure of privileged information (the most significant ground asserted in the Motion), the concern is illusory because the SEC can easily protect against that danger by issuing appropriate instructions.

### III.   The Confidential Nature Of The SEC's Investigations Is Relevant

The SEC contends in its Motion that the confidential nature of its investigations is irrelevant to the lawsuit and that questions about this topic should not be permitted at a Rule 30(b)(6) deposition. But these issues are relevant, at least insofar as the relevant pleadings are concerned.

Specifically, Merkin is accused of making false statements about the non-existence of an SEC investigation. But he contends that he was not permitted to disclose the investigation because the SEC itself instructed him to keep the investigation confidential. Merkin has asserted this rationale as an affirmative defense and in other portions of his answer. In his Nineteenth Affirmative Defense, Merkin asserts that the SEC has waived, ratified and/or is otherwise estopped from asserting fraud claims against him because of its own statements, instructions and admonitions. [ECF No. 9, p. 17]. Similarly, Merkin's answer [*Id.* at pp. 5-6, 9] concedes that he authored a letter containing an incorrect statement but contends that he included the relevant statement pursuant to the SEC's written statements, instructions and admonitions.

3

Although the SEC may take the position that the affirmative defense is legally incorrect and that the other statements in the answer are superfluous nonsense, it has not moved to strike the affirmative defense or the other statements concerning Merkin's stated understanding of the SEC's confidentiality provision. Therefore, the issue is relevant, at least as of now.

IV. **The Deposition Is Appropriate As The Discovery Deadline Is Rapidly Approaching**

There is a July 23, 2012 discovery cutoff and the 30(b)(6) deposition is scheduled for July 13, 2012. Given the District Court's June 7, 2012 Order [ECF No. 28], which provided modest amendments to the deadlines for expert witness reports and pretrial motions, but which emphasized in all capital, boldfaced type that all other deadlines remain in effect, it seems unlikely that the discovery cutoff will be extended. Knowing that the window for taking discovery is rapidly closing, the SEC waited nine days to file the Motion. Similarly, it waited until the last possible day to file its appeal of the Order.

Moreover, Merkin's counsel has attempted for approximately two months to obtain the SEC's position on his repeated requests to take a 30(b)(6) deposition, but the SEC delayed giving a conclusive, substantive response. Therefore, to the extent that the 30(b)(6) issue has arisen near the close of discovery, and to the extent that the SEC is concerned that the District Court might not have time to rule on its appeal before the

4

scheduled deposition, the SEC is at least partially responsible for its own dilemma.[1]

Waiting to provide a definitive response to a 30(b)(6) inquiry, waiting until the last day to appeal the Order and waiting nine days to file the Motion is inconsistent with the SEC's current request for an emergency-type stay to prevent the deposition from going forward.

## V.   The SEC's Inconsistent and Changing Positions

The SEC has taken inconsistent and changing positions about its concern that a 30(b)(6) deposition would necessarily implicate privilege because the SEC has no firsthand knowledge of the facts underlying its civil enforcement lawsuit.  The Court notes that the SEC's argument is a rehash of the argument it initially made when opposing the 30(b)(6) deposition.  The Court appreciates that the SEC may not have independent personal or firsthand knowledge of the facts upon which its Complaint is based.  But that is no different than the scenarios which many private parties routinely confront in civil litigation.  For example, an insurance company pursuing a subrogation claim often has no employees or agents with firsthand knowledge of the facts – but it is not automatically immunized from a Rule 30(b)(6) deposition.  Likewise, a corporation whose factually involved employees have all resigned or been terminated does not obtain a license to refuse to provide a 30(b)(6) witness based on the rationale that it no

---

[1]   In an effort to increase the chance that Judge Graham might be able to rule on the SEC's appeal (i.e., its "objection" to the Order) before the scheduled July 13, 2012 30(b)(6) deposition, the Court shortened the briefing schedule for the opposition and reply memoranda.  [ECF No. 37].

longer has firsthand knowledge of the facts. In the same vein, any corporation which merges with another company and then streamlines operations through consolidation of similar departments may be confronted with a "we-have-no-employees-with-personal-firsthand-knowledge" scenario in a lawsuit based on pre-merger activities. **None of these corporate parties would automatically and necessarily be entitled to avoid a 30(b)(6) deposition merely because their current employees lack firsthand knowledge of the facts.** Thus, the SEC's contention that a lack of firsthand knowledge generates an exemption from producing a 30(b)(6) witness is unpersuasive, as that situation is not unusual in private litigation – where there is no resulting immunity from the 30(b)(6) deposition.

Consequently, the SEC's argument is illusory and, at bottom, is apparently based (at least in part) on the implicit argument that the SEC (and other government agencies) are either not subject to all the discovery tools under the Federal Rules of Civil Procedure or receive special treatment which justifies some type of total immunity. The argument is also untenable. To the extent that the SEC enjoys privileges unavailable to private litigants, such as the deliberative process privilege, it may instruct its 30(b)(6) witness not to answer questions. But the "no-firsthand-knowledge" rationale for completely precluding a Rule 30(b)(6) deposition is unpersuasive.

In the Motion [ECF No. 33, p. 3], the SEC argues that it "will likely be required to object and instruct the witness **not to answer virtually every question**." (emphasis supplied). But during the June 22, 2012 hearing, the SEC took the following positions:

a. Asking the SEC, in an interrogatory, to list the facts supporting its claim would be **permissible**.

b. Providing that information in a less-burdensome format, such as interrogatory answers, would be a "better approach" and the SEC "prefers" to respond to interrogatories, rather than "risk misstatements" by a 30(b)(6) witness providing live testimony.

c. But the SEC could not explain why providing interrogatory answers would not implicate the same privilege concerns that it says would arise if those very same questions were asked of a 30(b)(6) witness.

A question either seeks privileged information or it does not. To be sure, the SEC *prefers* to provide discovery in an interrogatory answer, rather than through a 30(b)(6) witness. The Court supposes that virtually *every* litigating party would adopt that preference. But why would a question be permissible (and not risk the disclosure of privileged information) if asked in an interrogatory but suddenly be transformed into an impermissible question if asked of a 30(b)(6) witness? The SEC has no answer.

Given the procedural, substantive and equitable considerations outlined above, the Court **DENIES** the SEC's motion to stay the July 13, 2012 30(b)(6) deposition.

**DONE AND ORDERED** in Chambers, at Miami, Florida, June 27, 2012.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**

The Honorable Donald L. Graham
United States District Judge

All counsel of record