## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO. 11-23585-CIV-GRAHAM/GOODMAN

SECURITIES AND EXCHANGE COMMISSION,

     Plaintiff,

v.

STEWART A. MERKIN,

     Defendant.

_____/

### ORDER RE: DISCOVERY DISPUTE

### <u>OVER SEC'S PRIVILEGED DOCUMENTS</u>

Failures to timely and effectively communicate created, aggravated and maintained the discovery dispute at issue in this Order. Had the parties said what they meant and meant what they said, then the discovery dispute would either (1) have been resolved, (2) have been adequately discussed and clarified, or (3) brought to the Court's attention for a hearing before the expiration of the discovery deadline.

But the parties did not clearly discuss the fundamental dispute between themselves and the belated discussion before the Court has arisen too late to provide any relief.

In particular, this cause is before the Undersigned on a discovery dispute concerning efforts of Defendant, Stewart Merkin, to obtain sanctions against the SEC based upon the SEC's assertion of myriad privileges without the provision of a privilege log in response to his document requests.  Consistent with the discovery procedures order [ECF No. 15] entered by the Honorable Donald L. Graham, Merkin did not file a motion against the SEC.  Instead, he scheduled a discovery hearing, which occurred on July 31, 2012.  For all intents and purposes, however, the discovery dispute is what most litigants and their counsel would consider to be a motion to compel the production of privileged documents for failure to provide a privilege log and/or exclude evidence based on a discovery failing.

Merkin asked the Undersigned to sanction the SEC by deeming all of the SEC's privilege claims waived and/or to preclude the SEC from using the documents or the facts discussed in them at trial.

Although the SEC most assuredly did not provide a privilege log for the documents at issue, it did not need to do so because Merkin never asked for them in a document request propounded under Federal Rule of Civil Procedure 34.  The procedural history and specifics surrounding this scenario will be described below.  But for purposes of this introduction, it will suffice to say that the SEC (like any other litigant) is not required to list privileged documents on a

privilege log if the opposing party never asked for them in the first place. Because Merkin never asked for the documents he says the SEC should have listed on a privilege log, his argument about the consequences flowing from a failure to provide a log is fundamentally flawed, and the Court **denies** the *de facto* motion to exclude evidence for alleged discovery abuses.  However, this discovery dispute is far more complex than one involving a litigant who did not propound a specific-enough document request.  Instead, it also involves an opposing party who provided vague and boilerplate responses and objections – a development which clouded the issues and effectively prevented a timely resolution.

## I.    DISCUSSION

On October 3, 2011, the SEC filed this civil enforcement action against Merkin, an experienced Miami attorney who practices corporate and real estate law, for alleged violations of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b) and Rule 10b-5 thereunder, and 17 C.F.R. § 240.10b-5.  [ECF No. 1].  Basically, the SEC alleges that Merkin made materially false statements in four letters he wrote concerning the penny stock of his client, StratoComm Corporation.  According to the SEC, Merkin stated in four letters he knew would be posted on the Internet that StratoComm was not under investigation regarding possible violations of the securities laws.  The SEC

contends that Merkin knew full well that StratoComm was in fact under investigation because he was representing StratoComm in the SEC's investigation.

In its Complaint, the SEC seeks an injunction permanently enjoining Merkin from violating Section 10(b) of the Exchange Act and Rule 10b-5, an order requiring Merkin to disgorge all ill-gotten gains obtained from the violations (plus prejudgment interest), civil money penalties, and an order banning Merkin from participating in any offering of penny stock.

In connection with the SEC's pre-lawsuit investigation, Merkin produced documents and provided testimony.  He represented himself on both the document production and testimony portions of the SEC's investigation.  Now that the SEC has filed a civil enforcement action against him, however, Merkin is represented by counsel.

After the SEC filed its lawsuit , Merkin's counsel asked the SEC to provide him with all the documents it might use at trial to support its claims pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(ii).  The SEC produced those documents, as well as a copy of all documents it obtained from third parties during the investigation (even if it did not intend to use them at trial).

Merkin's counsel received those materials, which he described as so voluminous that they "took up a computer," and also propounded a Rule 34

document request.  Although the Court entered its trial scheduling order [ECF No. 16] on January 26, 2012 and established a July 23, 2012 discovery cutoff deadline,[1] Merkin did not propound his document request until May 9, 2012.

The SEC responded to the document request on June 11, 2012, asserting myriad privileges, including the work product exception, the attorney-client privilege, the deliberative process privilege and the investigative privilege. The SEC also interposed other objections, such as contending that certain requests are vague, irrelevant, ambiguous, beyond the scope of discovery and/or otherwise problematic.

Notwithstanding the SEC's assertions of privilege, Merkin's document request contains 27 categories of documents that, for the most part, do not request any privileged materials.  None of those 27 requests call for the SEC's internal reports, its internal emails or its internal memoranda.  Although Merkin requested a redacted copy of the SEC's "action memo" in category 13 of his document request, the SEC already (in connection with an earlier discovery squabble) provided information about the action memo and submitted it to the Court for an *in camera* review.  The Court previously entered an Order [ECF No. 48] sustaining the SEC's objections to producing the memorandum.  Thus,

---

[1]    In order to obtain documents in discovery before expiration of this discovery cutoff, a party would have been required to propound a request for production of documents under Rule 34 by June 22, 2012.

category 13 of the document request is moot and the July 31, 2012 discovery hearing did not concern the action memo (which SEC attorneys prepared for their client and which contained their opinions about the viability and wisdom of bringing an action against Merkin).

After this production, however, Merkin repeatedly requested a privilege log but the SEC never provided one. Merkin's demands for a privilege log were generic.  Basically, he simply complained about not receiving a privilege log and asked when he would expect to receive one.  His counsel did not pinpoint any particular document he was searching for and did not expressly say he wanted the internal reports, memoranda and emails on the privilege log.

The informal demands for a privilege log typically arose in the midst of other gripes about the SEC's discovery positions.  For the most part, the SEC responded to the other complaints about discovery but did not provide a specific response to the multiple requests for a privilege log.

Significantly, at no time during the communications between counsel did the SEC say, in words or substance, "We do not need to give you a privilege log," or "You never asked for the internal reports, memoranda and emails," or "You are not entitled to a privilege log because the documents for which we generally asserted privilege were never specifically requested," or "We are not providing a privilege log unless the documents were included in your Rule 34 request."

6

After several frustrating weeks of demanding a privilege log without obtaining one and without receiving a specific commitment that one would be provided, Merkin brought the discovery dispute to the Court's attention.

Merkin now argues that he has been unduly prejudiced by the SEC's failure to provide a privilege log.  He says he needs to review a privilege log in order to test the SEC's privilege assertions.   He advised the Court of his suspicion that there are discoverable, exculpatory documents in the papers, emails and other materials the SEC has not yet produced on the basis of privilege.[2]   In particular, Merkin believes that notes of phone conversations between SEC attorneys and staffers, internal reports, internal memoranda and internal emails and other communications are likely to reveal the so-called exculpatory evidence.

The SEC readily concedes that it has not provided a privilege log. But it announced at the hearing its position that a privilege log is unnecessary because the privileged documents it has not produced were never requested in the first place. Had Merkin asked for the materials, the SEC explained at the hearing, it surely would have listed them on a privilege log.  As outlined above, the SEC is

---

[2]     As will be discussed in section II below, Merkin's suspicion that the SEC had responsive documents which it was not producing on privilege grounds was not unreasonable. It was not until the SEC provided clarification at the hearing that no *responsive* privileged documents exist -- despite its privilege assertions in response to the document request – that Merkin understood the SEC's view that his document request did not encompass the materials he now wants.

correct about the nature of Merkin's document request. It does not ask for the types of documents he now says should have been produced or placed on a privilege log.

Thus, as succinctly noted by one of the SEC's trial attorneys at the discovery hearing, "if [a document is] not responsive to a document request, then there is no obligation to log it."

The SEC is correct about this point.  In fact, as explained in *American Society for the Prevention of Cruelty to Animals v. Ringling Bros. & Barnum & Bailey Circus,* 233 F.R.D. 209, 213 (D.D.C. 2006), "it should go without saying that there is no obligation to assert a privilege for documents that are not within the scope of a request or that are outside of the scope of what could permissibly be requested."  *See also Schanfield v. Sojitz Corp. of Am.,* 258 F.R.D. 211, 213, n. 2 (S.D.N.Y. 2009) ("the Federal Rules of Civil Procedure do not require a log of non-responsive or irrelevant documents").

Merkin did not explain why he did not specifically ask for the SEC's internal memoranda and reports or its internal email and other communications. Perhaps it was because he understood these materials would obviously be subject to a privilege claim and not produced.  Maybe he assumed the SEC would place its internal reports and memoranda on a privilege log even though the materials are not responsive to a particular document request.  Maybe he

8

simply overlooked these items in his request or believed they would somehow be subsumed in a broadly phrased request.  Regardless of the reason for the omission, however, the critical point here is that the materials were not requested -- which means that the SEC was not obligated to place them on a privilege log. This also means that the failure to log the materials has no legal consequence vis-à-vis the SEC's discovery obligations and that Merkin's requested relief is inappropriate.

Likewise, Merkin's reliance on cases finding a waiver or partial waiver of a privilege for failure to timely provide a privilege log is misplaced, as the parties in those cases were under a duty to list on the privilege log a document responsive to a specific discovery request -- a duty which never arose here. Moreover, Merkin's argument -- that the SEC should have provided a privilege log for documents he never specifically requested – is illogical and impractical and would also lead to undesired results and the potential for abuse.

For example, under a variation of Merkin's implicit argument, assume a party propounded a request for production of documents containing 250 unduly burdensome, overbroad and mostly irrelevant categories of documents.  If any documents encompassed by these 250 categories happened to also be privileged, then the party on the receiving end of this onerous document request would be forced to list all privileged documents on a log and would risk waiver if it failed

9

to include each and every otherwise irrelevant and undiscoverable document on the log. Thus, the party might have to incur massive fees and costs to create a 100-page privilege log for 1,000 privileged documents that the party seeking discovery had no right to obtain in discovery in the first place because, for instance, they were beyond the scope of discovery.

Similarly, how could a party safely list documents on a privilege log if they were not included in a document request (if not otherwise subject to production under Rule 26(a)(1)(A)(ii))? If that party volunteered to log 25 privileged documents even though they were not specifically requested but failed to also log 15 other privileged documents which were also not called for by a document request, could that party be subject to sanctions for adopting inconsistent discovery positions? And what legal justification could that party provide for the failure to volunteer the additional 15 privileged documents on a log?

These hypotheticals all yield thorny dilemmas, but that is because they all flow from a core premise which is incorrect -- that a party is obligated to place documents on a privilege log even though they are not responsive to a document request.

Rule 26(b)(5)(A) requires a party to describe privileged documents "when a party withholds information otherwise discoverable." A document is not

"withheld" unless it was requested.   The term "withholds" necessarily incorporates the threshold notion that a *request* for a document was made – otherwise, the document is not being "withheld."

In addition, a document is not "otherwise discoverable" if it is irrelevant, immaterial, overbroad or never requested in the document request.   As explained in the Committee Note to the Amendments to the Federal Rules of Civil Procedure:

> The obligation to provide pertinent information concerning withheld privileged materials applies **only** to items "otherwise discoverable." If a broad discovery request is made – for example, for all documents of a particular type during a twenty year period – and the responding party believes in good faith that production of documents for more than the past three years would be unduly burdensome, it should make its objection to the breadth of the request and, with respect to the documents generated in that three year period, produce the unprivileged documents and describe those withheld under the claim of privilege. If the court later rules that documents for a seven year period are properly discoverable, the documents for the additional four years should then be either produced (if not privileged) or described (if claimed to be privileged).

146 F.R.D. 401, 639-640 (1993) (emphasis supplied).

Merkin contends that some of his existing document requests require the production of the SEC's internal documents, such as its internal reports and memoranda.  In effect, Merkin says these materials **are** in fact responsive to some of the categories in his request, a theory that would require the SEC to list those

withheld responsive documents on a privilege log.[3]   Therefore, *if* Merkin's document request had been specific enough to encompass the internal SEC documents at issue, then, all else being equal, the SEC would have been required to log them and include information sufficient to enable the Court to evaluate the privilege claim's propriety.

But Merkin's argument here is unpersuasive.  The request for documents the SEC "relied upon" to support specific factual allegations does not, in the Undersigned's view, encompass internal reports, memoranda and emails.  The SEC relies upon the *evidence* it accumulated in the case, such as Merkin's letters to Pink Sheets, documents evidencing his knowledge of the SEC's investigation

---

[3]      Federal Rule of Civil Procedure 26(b)(5) requires a party who withholds information otherwise discoverable by asserting a privilege claim to "expressly make the claim" and to "describe the nature of the documents . . . in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Similarly, Local Rule 26.1(g)(3)(B) requires a party asserting privilege to "identify the nature of the privilege" and provide information about "the type of document" and the "general subject matter of the document" and "the date of the document" and "such other information as is sufficient to identify the document." In addition, subsection (C) of the Local Rule requires the "preparation of a privilege log" for "all documents" which are "withheld on the basis of a claim of privilege or work product protection," with limited exceptions. Likewise, Section III.A(5) of the Discovery Practices Handbook, which is in Appendix A to the Local Rules, requires objections to "be specific, not generalized." Consistent with these provisions, Section B(1)f of Section III provides that "a claim of privilege must be supported by a statement of particulars sufficient to enable the Court to assess its validity."  And Section V.B of the Discovery Handbook requires that a party asserting a claim of privilege to provide the same information already required by Local Rule 26.1(g)(3)(B).

of StratoComm and emails between Merkin and a Pink Sheets employee.  The SEC's own reports evaluating the evidence it obtained in the case are not what the SEC "relies upon" to sustain an allegation.  When Merkin wanted to request a specific internal document, such as the SEC Action Memo, he did so.  He certainly could have asked for these other documents.  But he cannot avoid the consequences of a failure to request documents by stretching the natural and logical meaning of the other categories in his document request.

Therefore, the Court rejects Merkin's argument that the SEC waived its privileges concerning its internal memoranda, reports, emails and other communications by not listing them on a privilege log.  The SEC was under no obligation to list on a privilege log documents which were not called for by the document request.  Merkin's request for relief in this regard is therefore **DENIED**, and the SEC's overall posture will be further discussed below.

## II.   ADDITIONAL MATTERS

Although it does not directly relate to his argument that the SEC waived all privileges by failing to provide a privilege log, Merkin also theorized, based upon the recent deposition he took of an SEC official, that the SEC's internal, privileged documents may contain exculpatory evidence.  Specifically, he says that an SEC official revealed and conceded in that deposition that the SEC had reached incorrect conclusions and that its Complaint contains mistakes.

13

Therefore, according to Merkin's hunch, some of the SEC's internal documents may also reveal mistakes or other exculpatory evidence.  This theory, of course, neither supports nor undermines Merkin's primary argument concerning the SEC's failure to provide a privilege log. Nevertheless, Merkin seems to believe that this theory militates in favor of a waiver finding or another ground to support the relief he seeks.

Setting aside the issue that Merkin's document request never called for any internal document other than the SEC action memo that led to the decision to file this lawsuit, Merkin's exculpatory evidence theory is unpersuasive even if he specifically requested the documents.

For purposes of this analysis, the Court will assume that Merkin asked for the SEC's investigative file and its internal documents (i.e., reports, memoranda and emails) and will further assume that some of those documents are in fact "exculpatory" in that they contain one or more mistakes (of either fact or law). The mere presence of exculpatory errors in privileged documents would not justify an order compelling production of those privileged materials, however. Merkin has not cited any authority for a rule that an otherwise privileged document must be produced because it contains an error or information helpful to the opposing party.  There is no "but-the-privileged-document-has-mistakes"

14

exception to the work product rule, the attorney-client privilege or the deliberative process privilege in civil litigation.

There are *exceptions* to these privileges, such as the crime/fraud exception,[4] but Merkin has not argued that exception or any other recognized exception. And, as noted, there are no "mistake-in-the-document" or "exculpatory evidence" exceptions to the legitimate privileges which can be raised in civil litigation and Merkin has not tried to demonstrate the substantial need and undue hardship necessary to overcome a work product assertion. *SEC v. Berry*, No. C07-04431, 2011 WL 825742 (N.D. Cal. March 7, 2011). Therefore, setting aside the issue that the SEC never provided a privilege log (because Merkin never requested the documents encompassed by the myriad privileges), the SEC would still be entitled to withhold its privileged documents if they had been specifically requested (which they were not) and even if they contained errors (and the Court does not know if Merkin's hunch about this is correct) which would somehow provide strategic assistance to Merkin.

---

[4]     *See e.g. In re Grand Jury Investigation (Schroeder)*, 842 F.2d 1223, 1226 (11th Cir. 1987) (establishing two-pronged test for crime/fraud exception); *United States v. Cleckler*, 265 F. App'x 850 (11th Cir. 2008) (district court did not abuse its discretion in finding that testimony of defendant's attorney was permissible because it met the crime-fraud exception to the attorney-client privilege); *Renner v. Chase Manhattan Bank*, No. 98 CIV. 926(CSH), 2001 U.S. Dist. LEXIS 17920, at *14 (S.D.N.Y. 2001). *See also In re Int'l Sys.*, 693 F.2d 1235, 1242 (5th Cir. 1982) (analyzing crime/fraud exception to work product assertion and explaining that production requires a valid relationship between the work product at issue and the violation).

In any event, despite Merkin's failure to include the documents he has now placed in issue in his only document request, it was the SEC itself which was partially responsible for Merkin's mistaken belief that the SEC was withholding documents under a claim of privilege asserted in response to his document request.

It is *now* clear that, based upon the recent pronouncements from the SEC in response to Merkin's demand for a privilege log *after* the SEC served responses to the requests for production, the SEC was not required to produce a privilege log because the internal documents (other than the SEC action memo) were never requested.  **However,** this fact was far from clear based on the SEC's responses and the SEC is equally at fault for causing this discovery dispute.

Given this dynamic, the Court finds under Federal Rule of Civil Procedure 37(a)(5)(A)(iii) the existence of circumstances which would make an award of attorney's fees and other expenses against Merkin (as the party who lost the discovery dispute) to be unjust. The factors supporting this no-fees-to-the-prevailing-party conclusion are outlined below.

In response to the document production request, the SEC interposed not only a general privilege objection (in the introduction section of its response) seemingly applicable to many of Merkin's requests [ECF No. 55-2, p. 2, ¶ 4], but it also made privilege and work-product objections to nearly all of Merkin's

16

*individual* requests as well.  These boilerplate objections suggested that privileged documents responsive to Merkin's requests **did, in fact, exist**, and that the SEC was withholding those documents.  Therefore, Merkin was certainly justified in concluding that the SEC should have provided a privilege log.  After all, why else would a party assert a privilege if no responsive documents exist in the first place?

Merkin used the following terminology in many categories in his document request: "any and all documents or other communications, whether **public or private**." (emphasis supplied).  In response to the categories in Merkin's document request using the "whether public or private" terminology, the SEC took the following position, among others: "To the extent that the term 'private' refers to internal Commission documents protected by the work product doctrine or by privilege, the Commission objects to this request." **By asserting category-by-category privilege objections, the SEC implicitly represented that responsive documents existed and were being withheld.**

Generalized objections asserting attorney-client privilege or the work product doctrine do <u>not</u> comply with the Local Rules.  Local Rule 26.1(g)(3)(B) requires that objections based upon privilege identify the specific nature of the privilege being asserted, as well as identifying details such as the nature and subject matter of the communication at issue, the sender and receiver of the

communication and their relationship to each other.  Parties must refrain from making vague, blanket objections in the form of: "Objection.  This information is protected by attorney/client and/or work product privilege."

Boilerplate objections, such as those made by the SEC, are inadequate, meaningless, and preserve nothing for the party making such objections.  *See Adelman v. Boy Scouts of Am.*, 276 F.R.D. 681, 689 (S.D. Fla. 2011); *Benfatto v. Wachovia Bank N.A.*, No. 08-60646, 2008 WL 4938418, at *2 (S.D. Fla. Nov. 19, 2008).  Nowhere is the accuracy of this principle more apparent than here.  The SEC did not provide the details required by the Local Rule in this case for the obvious reason that **the SEC (*now*) says it did not actually withhold any privileged *responsive* documents**.

But the SEC has not been consistent or clear in its discovery positions.

In responses to many categories of the request for documents on which the SEC relied upon for its factual allegations, the SEC represented that it had "private" documents which are privileged.  But, confronted later with the argument that it improperly failed to produce a privilege log for those very same privileged documents, the SEC took the position that no privileged documents exist -- and that no privilege log is necessary -- because the myriad "public or private" requests simply do not encompass the materials.  In other words, it says the documents were not requested.

But if the privileged documents were not requested in the first place, why did the SEC interpose privilege objections?

Therefore, if, instead of making apparently meaningless boilerplate privilege objections to nearly every request, the SEC had instead simply and clearly stated that it had produced all <u>responsive</u> documents and that no privileged <u>responsive</u> documents exist, then the Undersigned suspects that this "dispute" may not have ever come to fruition. And if the SEC wanted to make sure that it candidly advised Merkin that some privileged documents other than the SEC Action Memo exist, then it could have succinctly and clearly advised that it had no documents responsive to the existing document request and was not producing privileged documents not called for by the existing document request. What it should not have done was to interpose vague, boilerplate privilege objections which sent the incorrect message that responsive documents exist but are privileged and then later take refuge in the position that the documents were never requested in the first place.

Basically, the SEC's current position can fairly be described as follows: "just ignore the fact that we previously made privilege objections and focus now instead on our explanation that we have no responsive documents at all."

Although Merkin's efforts to obtain relief for the SEC's failure to provide a privilege log were ultimately unsuccessful because he did not actually request

19

the documents at issue and no privilege log was consequently required, the SEC caused him to assume that his document request was sufficient because it interposed privilege objections on a category-by-category basis.

Moreover, its boilerplate objections were aggravated by its failure to timely and candidly advise Merkin, in response to his repeated demands for a privilege log, that no log was due because the privileged documents were never requested.

Of course, had the SEC timely advised Merkin of this, he likely would have been able to propound another document request, specifically listing the SEC's internal reports, memoranda, emails and other communications, before the discovery deadline expired.  By failing to directly and timely answer Merkin's requests for a privilege log, the SEC permitted the discovery deadline to expire, thereby precluding a second document request.

Under slightly different circumstances, the Court would conclude that a discovery dispute premised on these inherently confusing and inconsistent privilege objections would subject the party asserting them to an expense-shifting award of attorney's fees under Rule 37.

At a minimum, the SEC seems to have taken a discovery stance which is inconsistent with one of the basic tenets of the Discovery Practices Handbook: "Discovery in this District is normally practiced with a spirit of **cooperation** and

civility." (emphasis supplied).[5] Adopting a cooperative attitude would have caused the SEC to simply and timely advise Merkin that it was not providing a privilege log because the documents subject to the privilege claims had never been included on a document request. Or alternatively, the spirit of cooperation would have at least required the SEC to refrain from making confusing and arguably disingenuous objections in the first place.

To be sure, it was in the SEC's strategic best interest to remain quiet and to permit the discovery deadline to expire before clearly articulating its position. And, on the other hand, Merkin did not begin his written discovery until late in the game and did not request the documents the SEC has not produced. Moreover, it is unlikely that Merkin would have been able to obtain the privileged documents had he timely and specifically asked for them (assuming the SEC would have then finally listed the privileged documents on a privilege log).

III.    **CONCLUSIONS**

For the reasons outlined above, the Undersigned will not find that the SEC waived its privileges, will not compel production of the SEC's internal reports, memoranda, emails and other communications, will not recommend that the

---

[5]     Appendix A to the Local Rules provides that "the practices set forth in the Discovery Practices Handbook shall not have the force of law, but may be looked to by practitioners for guidance in conducting discovery in this District."

District Court preclude the SEC from introducing evidence at trial and will not award attorney's fees or other expenses to either side.  In addition, the Undersigned will not recommend that the District Court authorize Merkin to propound another document request after expiration of the discovery cutoff deadline.  If Merkin wishes to pursue additional discovery in order to obtain a privilege log and decide whether to test the privileges asserted, then he will need to obtain relief from United States District Judge Donald L. Graham.

      **DONE AND ORDERED** in Chambers, at Miami, Florida, August 3, 2012.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**

The Honorable Donald L. Graham
United States District Judge

All counsel of record