UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:11-23585-CIV-GRAHAM/GOODMAN

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| STEWART A. MERKIN, | ) ) |
| Defendant. | ) ) ) |

### FINAL JUDGMENT AS TO STEWART A. MERKIN

The Securities and Exchange Commission ("Commission") having filed a Complaint; defendant Stewart A. Merkin ("Defendant") having filed an Answer and consented to the Court's jurisdiction over him and the subject matter of this action; the Court having granted summary judgment in favor of the Commission on October 3, 2012, as to all liability issues; Defendant having retained his objection to, and right to appeal from, the Court's determination as to liability and the portion of this Final Judgment relating to liability (Part I); Defendant having consented to entry of the portions of this Final Judgment relating to remedies (Parts II through IV), waived findings of fact and conclusions of law as to remedies, and waived any right to appeal from the portions of this Final Judgment relating to remedies (while retaining the right to request a stay of payment of disgorgement and penalties during any appeal relating to liability):

**I.**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Final Judgment be, and the same is hereby, entered in favor of plaintiff Securities and Exchange Commission and against defendant Stewart A. Merkin pursuant to the Order of October 3, 2012, granting the Commission's motion for summary judgment.

**II.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5] by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security, to directly or indirectly make any untrue statement of material fact (or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading) in any communication to any investor or prospective investor in any public company, or in any communication reasonably expected to reach the investing public.

**III.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $10,880, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $640.86, and a civil penalty in the amount of $113,479.14 pursuant to 15 U.S.C. § 78u(d)(3). Defendant

shall satisfy this obligation by paying $125,000 to the Securities and Exchange Commission within 28 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; identifying Stewart A. Merkin as the defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 28 days following entry of this Final Judgment. Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. § 240.3a51-1].

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

DONE AND ORDERED in Miami, Florida, this 1st day of July, 2013.

_____
DONALD L. GRAHAM
United States District Judge